Citation Nr: 1710363 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 09-17 618 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a total disability rating due to individual unemployability due to service-connected disabilities (TDIU) prior to January 20, 2009.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1968 to April 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

An August 2016 rating decision granted entitlement to an earlier effective date for a TDIU, January 20, 2009. 

The Board previously remanded this matter in October 2014 for further evidentiary development.


FINDINGS OF FACT

Prior to January 20, 2009, the Veteran was not rendered unable to engage in substantially gainful employment by reason of his service-connected disabilities


CONCLUSION OF LAW

Prior to January 20, 2009, the criteria for entitlement to a TDIU were not met. 38 U.S.C.A. §§ 1155, 5107(b) (West 2014); 38 C.F.R. §§ 3.321, 3.340, 3.341, 4.15, 4.16, 4.19 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Compliance with Stegall

As noted in the Introduction, the Board previously remanded this claim in October 2014. The Board instructed the RO to conduct any necessary development for the Veteran's TDIU claim for the period prior to January 4, 2011 and to readjudicate the claim. The record indicates that appropriate letters were sent to the Veteran regarding his employment history. The claim was readjudicated in an August 2016 rating decision and an August 2016 Supplemental Statement of the Case (SSOC). As a result of these steps taken, the Board finds that there has been compliance with its previous remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998).

II. VA's Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. With respect to the Veteran's claims, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326.

VA provided the Veteran with adequate notice in multiple letters specifically regarding entitlement to a TDIU throughout the period on appeal. As a result, VA has met its duty to notify.

VA has also fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the claims. Service treatment records (STRs), post-service treatment records, and lay statements have been associated with the record. 

The Veteran was afforded numerous VA examinations. As the examinations included reviews of the pertinent medical history, clinical findings, and diagnoses, and were supported by medical rationale, the Board finds that the examinations are adequate for rating purposes. See Barr v. Nicholson, 21 Vet. App. 303 (2007). 

As the Veteran has not identified any additional evidence pertinent to the claim and as there are no additional records to obtain, the Board concludes that no further assistance to the Veteran in developing the facts pertinent to the claim is required to comply with the duty to assist.

III. Entitlement to a TDIU

Total disability ratings for compensation based on individual unemployability may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). Where these percentage requirements are not met, entitlement to the benefits on an extraschedular basis may be considered when the veteran is unable to secure and follow a substantially gainful occupation by reason of service- connected disabilities. 38 C.F.R. § 4.16 (b).

The central inquiry is, "whether the veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the veteran's education, special training, and previous work experience, but not to his age or to the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19; see also Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993).

As previously noted, the Veteran is currently in receipt of a TDIU effective January 20, 2009. For the period prior to January 20, 2009, the Veteran was in receipt of a 70 percent disability rating for posttraumatic stress disorder (PTSD), effective June 30, 2006. As a result, the Veteran meets the criteria for a schedular TDIU rating per 38 C.F.R. § 4.16 (a) for the period prior to January 20, 2009. 

Subsequent to the Board's October 2014 Remand, the Veteran was sent a July 2016 letter requesting employment information for the period prior to January 20, 2009. In response the Veteran submitted a signed July 2016 Employment Questionnaire form in which he indicated that he had not worked within the past 12 months, but did not provide any additional employment information.

In a May 2014 VA Form 21-8940 Application for TDIU, the Veteran indicated that he was last employed full-time in April 2009 as a crane operator. The Veteran indicated that he became too disabled to work in April 2009 as a result of multiple service-connected disabilities.



At an October 2011 VA examination, the Veteran reported that he retired from his job as a crane operator in 2009 due to his PTSD.

In a May 2011 VA Form 21-8940 Application for TDIU, the Veteran indicated that he last worked as a crane operator in January 2009 for an employer that he could not remember the name of. He reported working "off and on" as a crane operator over the past few years. In a May 2009 statement, the Veteran indicates that he was laid off in January 2009.

A November 2009 Social Security Administration work history report indicates that the Veteran last worked on January 20, 2009, as a crane operator. This is the current effective date for TDIU. 

In a July 2008 VA Form 21-527, the Veteran indicates that he last worked in June 2008. 

In a September 2007 statement, the Veteran references "unloading ships" and appears to be referencing his work as a crane operator on the docks.

At a December 2006 VA examination, the reported being laid off approximately a year and a half before due to his difficulty staying awake and cooperating with others. A July 2006 VA treatment record confirms that the Veteran had been unemployed for approximately one year.

In response to a July 2016 letter sent by VA, an employer submitted a VA Form 21-4192 indicating that the Veteran worked as a crane operator for that specific company until March 2005. The Veteran stopped working due to "reduction in force."

The record indicates that the Veteran's employment history for the period from the effective date of service connection for PTSD in June 2006 up until January 20, 2009, is somewhat inconsistent. However, the Board finds that the preponderance of the evidence shows that he was not unemployable solely as a result of his service-connected disabilities prior to January 20, 2009. This is based upon the Veteran's own assertions in multiple TDIU application forms and at an October 2011 VA examination that he did not become too disabled to work as a result of service-connected disabilities until 2009, and was in fact employed, albeit sporadically, until either January or April 2009. Evidence suggesting that the Veteran was laid off as early as 2005 due to his service-connected disabilities, specifically a July 2006 VA treatment note and December 2006 VA examination, is outweighed by the Veteran's own assertions and documentation from a prior employer that the Veteran was laid off in March 2005 due to "reduction in force," and not as a result of his disabilities. The findings of the Social Security Administration further support the finding that the Veteran was most recently employed in January 2009.

As a result, the Board finds that the Veteran was substantially and gainfully employed prior to January 20, 2009. Subsequent to the Board's October 2014 Remand, VA requested additional evidence from the Veteran regarding his employment history prior to January 2009. The Veteran has provided no evidence supporting an assertion that he was unemployable as a result of his service-connected disabilities prior to January 20, 2009.

Therefore, the preponderance of the evidence shows that the Veteran was substantially and gainfully employed for the period prior to January 20, 2009. In sum, the evidence of record shows that the Veteran was employed fulltime as a crane operator as recently as January 2009. Evidence expected from subsequent development requested by VA in July 2016 which might alter these findings was not submitted. As the Veteran was substantially and gainfully employed prior to January 20, 2009, entitlement to a TDIU for this period is not warranted.

The competence and credibility of the Veteran must be considered. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Board acknowledges that the Veteran is competent to give evidence about what he observes or experiences. For example, he is competent to report and observe symptomatology he observes, and he is credible in this regard. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). To the extent that the Veteran has asserted that his service-connected disabilities rendered him unemployable prior to January 20, 2009, he is competent to make such an assertion. However, it is outweighed by the competent and credible evidence, including his own TDIU applications, indicating that he was employed on a fulltime basis as recently as January 2009. Clearly, the appellant has been an inconsistent historian and such inconsistency impacts his credibility.

In sum, the preponderance of the evidence shows that the Veteran was not unable to secure and follow a substantially gainful occupation by reason of his service-connected disabilities prior to January 20, 2009. See 38 C.F.R. § 4.16 (a). As a consequence, entitlement to a TDIU is not warranted for this period, and the benefit of the doubt rule is not for application in resolution of the Veteran's appeal.


ORDER

Entitlement to a total disability rating due to individual unemployability due to service-connected disabilities (TDIU), for the period prior to January 20, 2009, is denied.




____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs